UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARK AKEY,

        Plaintiff,

v.                                Case No. 16-cv-1049-pp

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

        Defendant.

**ORDER GRANTING DEFENDANT'S MOTION TO REMAND TO THE COMMISSIONER (DKT. NO. 22), GRANTING IN PART AND DENYING IN PART PLAINTIFF'S CROSS-MOTION FOR REMAND (DKT. NO. 25) AND REMANDING CASE FOR FURTHER PROCEEDINGS UNDER SENTENCE FOUR OF 42 U.S.C. §405(g)**

**I.    Introduction**

On March 20, 2017, the defendant filed a motion to remand this appeal to the Social Security Administration for further proceedings. Dkt. No. 22. The motion indicated that the parties had attempted to negotiate a stipulation for remand, but had been unable to reach agreement. Id. A little over two weeks later, the plaintiff filed a cross-motion to remand and a supporting brief. Dkt. No. 25. The plaintiff explained that he wanted the court to include an instruction to the administrative law judge that he or she was "to leave undisturbed the finding of the Wisconsin Disability Determination Bureau that that [sic] Mr. Akey has been disabled since June 4, 2012." Dkt. No. 25-9 at 2.

1

The court will not include this extra instruction, but will remand the case to the agency for further proceedings.

## II. Analysis

Both the plaintiff and the defendant agree that the court should remand the case to the SSA. The defendant concedes that "the ALJ's decision contained errors with respect to the conclusion that [the plaintiff] had no severe impairment as of the last date on which he was eligible for [disability insurance benefits]." Dkt. No. 23 at 2. Given this, the court agrees to remand the case for further proceedings under sentence four of §205(g) of the Social Security Act, 42 U.S.C. §405(g).

The parties' proposed orders for remand are nearly identical (compare dkt. no. 22-1 with dkt. no. 25-9), save the following two lines from the plaintiff's proposed order:

> To be clear, the ALJ shall continue to limit his review to whether Mr. Akey was disabled between August 1, 2010 and March 31, 2012, and shall continue to leave undisturbed the finding of the Wisconsin Determination Bureau that that [sic] Mr. Akey has been disabled since June 4, 2012.

Dkt. No. 25-9. The parties dispute whether the court should include these two additional instructions to the ALJ upon remand.

The defendant argues that the statute does not provide for "pars[ing] out review of issues in a final decision," or limiting the scope of the ALJ's review on remand. Dkt. No. 23 at 2-3, citing Lyons v. Astrue, No. 3:11CV495-HEH, 2012 WL 2505184, at *2 (E.D. Va. June 4, 2012). In response, the plaintiff points to several other cases (including from this district) that have done exactly what

the defendants says that a court cannot do. Dkt. No. 25 at 3-5 (citing, *e.g.*, Krell v. Berryhill, No. 16-cv-951-NJ, 2017 WL 5514704 (E.D. Wis. Nov. 17, 2017) (instructing the ALJ to "only review the claim from July 26, 2011 until March 3, 2014" after noting that "[t]he ALJ issued a partially favorable decision . . . finding that Krell did not become disabled until March 3, 2014"); Healy v. Berryhill, 266 F.Supp.3d 477 (D. Me. 2017) (remanding a partially favorable ALJ decision and instructing the ALJ to consider only "the period from [plaintiff's] alleged onset date of June 15, 2010, through the determined onset date of January 31, 2013]"); Yager v. Colvin, No. 15-cv-1281-DEJ, dkt. no. 21 (E.D. Wis. June 17, 2016) (remanding the case to the ALJ with the instruction that "[t]he ALJ shall leave undisturbed the finding that Ms. Yager was disabled from May 1, 2012 through June 30, 2013")).

The court does not need to resolve this tension, however, because the circumstances of his case are distinct from the circumstances in the cases that the plaintiff cites in support of his position. In Krell, Healy and Yager, the ALJs each had rendered a "partially favorable" decision on behalf of the plaintiff. See Krell, 2017 WL 5514704 at *2; Healy, 266 F.Supp.3d at 478 ("Plaintiff appeals a partially favorable decision . . ."); Yager, 15-cv-1281-DEJ, dkt. no. 21 at 2 ("[T]he ALJ issued a decision partially favorable to [the plaintiff] . . . . The ALJ determined that Ms. Yager was disabled from May 1, 2012, through June 30, 2013, but not before or after this closed period."). Each of those courts instructed that, on remand, the ALJs were to leave undisturbed the portion of their decision that was partially favorable to the plaintiff.

3

Here, the ALJ did not make a "partially favorable" finding for the plaintiff. The ALJ did not find that the plaintiff was disabled as of June 4, 2012. He never mentioned June 4, 2012 in the decision, and stated at the outset that he was considering only the period between August 1, 2010 (the plaintiff's alleged onset date) and March 31, 2012 (the plaintiff's last date of insurance). Dkt. No. 1-2 at 4. The last paragraph of the decision's "Issues" section reads: "After careful consideration of all the evidence, the undersigned concludes the claimant was not under a disability within the meaning of the Social Security Act from August 1, 2010, through the date last insured." Id. The plaintiff's proposed order admits that the Wisconsin Determination Bureau—not the ALJ—was the entity that found that the plaintiff was disabled as of June 4, 2012. See Dkt. No. 25-9. In short, the ALJ never made the favorable finding for the plaintiff that the plaintiff wants this court to "insulate" from further review on remand.

For this reason, this court cannot say whether the June 4, 2012 disability onset date is supported by substantial evidence. A court's review under §405(g) of the Social Security Act is limited to determining whether the ALJ has applied the correct legal standard and whether his or her conclusion was supported by substantial evidence. 42 U.S.C. §405(g); Summer v. Berryhill, 864 F.3d 523, 526 (7th Cir. 2017). Without an ALJ finding on the issue, it is inappropriate for the court to prohibit the ALJ from considering whether there is support in the record for a June 4, 2012 onset date.

### III. Conclusion

The court **GRANTS** the defendant's motion to remand. Dkt. No. 22.

The court **GRANTS IN PART** and **DENIES IN PART** the plaintiff's cross motion to remand. Dkt. No. 25.

The court **ORDERS** that the case is **REMANDED** to the Commissioner for further administrative proceedings under sentence four, §205 of the Social Security Act, 42 U.S.C. §405(g). Upon receipt of the court's order, the Appeals Council will remand the case to the Administrative Law Judge. On remand, the ALJ will further evaluate the claimant's impairments at Step 2 to determine whether they are severe and what, if any, work-related limitations they cause. If necessary, the ALJ will complete the remainder of the sequential evaluation process.

Dated in Milwaukee, Wisconsin this 31st day of January, 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**